**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTANISLAO PEREZ-RENDEROS, | No. 16-73392 |
| Petitioner, | Agency No. A089-840-035 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2019[**]
Seattle, Washington

Before: KLEINFELD and FRIEDLAND, Circuit Judges, and PAULEY,[***] District
Judge.

Petitioner Estanislao Perez-Renderos ("Perez-Renderos") appeals the

decision of the Board of Immigration Appeals ("BIA") affirming an immigration

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William H. Pauley III, United States District Judge for
the Southern District of New York, sitting by designation.

judge's denial of his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252 and we DENY the petition for review.

Under Section 241(b)(3) of the Immigration and Nationality Act, the burden of proof rests with the applicant for withholding of removal to establish that "his or her life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 208.16(b); *see also* 8 U.S.C. § 1231(b)(3).

Substantial evidence on the record as a whole supports the BIA's determination that Perez-Renderos has not borne his burden of proof in connecting the gang harassment directed toward him with membership in a cognizable social group. Perez-Renderos did not provide sufficient evidence to show that his proposed group of persons who spoke to the police about gang members is viewed by Salvadoran society as socially distinct. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092 (9th Cir. 2013) (en banc). Nor did petitioner establish that the gangs targeted him because he reported his 1996 attack to the police. The seven-year gap between the 1996 and the 2003 attacks, and the lack of evidence that the 2003 gang members were aware of his 1996 report, support the conclusion that he was not targeted because of the limited information he gave to the police in 1996.

2

Substantial evidence on the record as a whole also supports the BIA's determination that petitioner did not bear his burden of proof for his CAT claim. His evidence did not establish "a particularized threat of torture." *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (citing *Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006)); *cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017).

Nor did petitioner demonstrate that any such torture would occur with the consent or acquiescence of the government or its officials. *See* 8 C.F.R. § 208.18(a)(7) ("Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (stating that "[e]vidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime"). In 1996, the police took steps toward investigating the incident. The police went to the hospital after Perez-Renderos's 1996 attack to ask him how his accident happened, and the police told him that they would investigate the incident. However, Perez-Renderos did not provide the police with identification or descriptions of his attackers in 1996, and he did not follow up with

3

the police after the hospital visit.  After the 2003 attack, petitioner did not call the police.

The petition for review is **DENIED**.